UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL D IRVING,<br><br>　　　　Petitioner,<br><br>　v.<br><br>RON BROOMFIELD,<br><br>　　　　Respondent. | Case No. 23-cv-02949-TLT<br><br>**ORDER DIRECTING RESPONDENT TO SHOW CAUSE WHY PETITION SHOULD NOT BE GRANTED** |

## INTRODUCTION

Petitioner, a prisoner of the State of California proceeding *pro se*, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his sentence. Because the petition states cognizable grounds for federal habeas relief, a response from respondent is warranted.

## BACKGROUND

In 2019, petitioner was convicted of injuring another while driving under the influence in Santa Clara County Superior Court. The trial court sentenced him to a term of six years and four months in state prison. The California Court of Appeal affirmed the judgment. Petitioner indicates on his petition that he did not appeal his conviction to the California Supreme Court, but the online docket for the California Supreme Court case number S271570 for trial court case C1651027 shows a petition for review filed on November 1, 2021, and denied on December 15, 2021.[1] Petitioner indicates he filed a petition for rehearing in the California Court of Appeal and the California Supreme Court. The state appellate court docket for Case Number G060195 in the 4th Appellate District Division 3 shows that the appellate court filed a modified opinion on October 20, 2021, which did not change the judgment, and the California Supreme Court denied

---

[1] Available at https://perma.cc/Z8K5-EZ5A.

review on January 3, 2022.[2]  Petitioner also sought review in the United States Supreme Court on March 14, 2022, which was denied on June 21, 2022.[3]  Petitioner then filed the instant federal petition on June 15, 2023.

**DISCUSSION**

I.  Standard of Review

This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).  It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." *Id.* § 2243.

II.  Legal Claims

Petitioner makes the following claims: (1) his Fourteenth Amendment and *Chambers v. Mississippi* rights were violated when the trial court precluded him from cross-examining the prosecution's expert witness about the collision,[4] (2) trial counsel was ineffective for failing to inform the trial court that petitioner was presumptively eligible for probation, and (2) petitioner's due process rights were violated by the absence of substantial evidence to support a finding that it was natural and probable for pedestrians to be in the crosswalk against the traffic light at the time of the collision.  ECF 1 at 8-9.  These claims, when liberally construed, present cognizable grounds for federal habeas relief.

**CONCLUSION**

It does not appear from the face of the petition that it is without merit.  Good cause appearing, the Court hereby issues the following orders:

The clerk shall serve electronically a copy of this order upon the respondent and the respondent's attorney, the Attorney General of the State of California, at the following email

---

[2] Available at https://perma.cc/7LHA-HU4D.
[3] The online docket shows that the United States Supreme Court denied the petition for a writ of certiorari on June 24, 2022.  *Id.*
[4] The Court construes this as a claim under the Sixth Amendment.

2

addresses: SFAWTParalegals@doj.ca.gov and docketingsfawt@doj.ca.gov.  The petition and the exhibits thereto are available via the Electronic Case Filing System for the Northern District of California.  The clerk shall serve by mail a copy of this order on petitioner.

Respondent shall file with this Court and serve upon petitioner, within **sixty (60) days** of the issuance of this Order, an Answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued.  Respondent shall file with the Answer a copy of all portions of the relevant state records that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the Answer, he shall do so by filing a Traverse with the Court and serving it on respondent within **sixty (60) days** of his receipt of the Answer.  Should petitioner fail to do so, the petition will be deemed submitted and ready for decision **sixty (60) days** after the date petitioner is served with respondent's Answer.

Respondent may file with this Court and serve upon petitioner, within **sixty (60) days** of the issuance of this Order, a motion to dismiss on procedural grounds in lieu of an Answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases.  If respondent files such a motion, petitioner shall file with the Court and serve on respondent an opposition or statement of non-opposition to the motion within **sixty (60) days** of receipt of the motion, and respondent shall file with the Court and serve on petitioner a reply within **fourteen (14) days** of receipt of any opposition.

It is petitioner's responsibility to prosecute this case.  Petitioner must keep the Court informed of any change of address by filing a separate paper captioned "Notice of Change of Address."  He must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

//

//

//

Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

IT IS SO ORDERED.

Dated: December 13, 2023

                                                                                        _____
                                                                                        TRINA L. THOMPSON
                                                                                        United States District Judge